SCOTT, J.,
delivered the opinion of the court. It was correctly remarked by the attorney general, that it is not easy to lay down a rule which can be applied with certainty to every case that may arise. Such are the number and variety of the shades of opinion, from a slight and evanescent impression to the firmest and most deeply rooted conviction, that, though the extremes may be readily discerned, it is often difficult to determine, where the impression that will not bias the judgment, deepens into an opinion which will turn the *scale in a doubtful case. Nevertheless, it is proper, that the court, in deciding a case before it, should not content itself with acting on the peculiar circumstances of that case, and leave others, not identical with it in all their features, to stand upon their own insulated grounds, but should look for principles, and adopt such as may conduce to the great end proposed in the selection of men to pass upon the liberty or the life of the citizen, who (in the language of the law) should “ stand indifferent as they stand unsworn.” To adopt such principles is to establish rules ; and it is certainly desirable, that they should bé as general as the nature of the subject will admit. This the court attempted to do in Osiander’s case, 3 Leigh 780. The criticism upon the lan- *747 gnage there employed, and the attempt to substitute other terms in defining’ the character of the opinion which should disqualify a juror, has not satisfied us that the definition attempted by the court in that case, is not as precise and accurate, and as easily applied in practice, as any we can now give.
It was there said, that a person who has formed and expressed a decided opinion, that the accused is guilty or innocent of the of-fence for which he is about to be tried, is unfit to sit upon the trial.
It is supposed that there is difficulty in ascertaining the true meaning of the term “decided,” when applied to opinion. When the question of the truth or falsehood of a proposition is presented to the mind, the wise and discreet examine, reflect, deliberate; and then, and not till then, decide Some examine with more patience and perseverance, and reflect more profoundly than others; Some gifted beyond the ordinary lot of man, or fancying themselves endowed with an intuitive perception of truth and error, decide after little, nay almost without any, reflection : but whether the solution has been arrived at by the longer or the shorter process, the question no longer remains for deliberation; it is decided. *Some minds are so sceptical, that they receive nothing as true, which is not proved by plain and direct evidence, or established upon mathematical demonstration ; while others readily adopt the most absurd notions, though unsupported by any thing like evidence, and destitute of all foundation in reason and in the nature of things. And we not unfre-quently find opinions of the latter class, as immoveable as those which are the result of the most laborious investigation. The mind is, however, in both cases, made up ; the question is settled ; it is decided. And although both classes of persons may say, and believe they say truly, that they are open to conviction, willing to hear evidence and listen to reason, and either adhere to or abandon their opinions as these may dictate, few would be willing to stake their lives and fortunes on the success of an attempt to overturn opinions, which their professors fancy themselves to be thus willing to abandon at the command of truth and justice. The term “ decided ” used in the rule objected to, is (if any thing) rather too strong and definite for the subject to which it is applied.
Let us see, whether the terms proposed to be substituted, and by which, it is said, this case ought to be determined, are less liable to objection. It is said, that the opinion which should disqualify a man from being a juror, should be “ strong and abiding.” Now, is the word strong, when applied to opinion, more forcible than the word decided ? We have on our minds some impressions which are weak, some strong, some stronger, and others which are decided, and which approximate very nearly to the strongest. But “ the opinion should be abiding most certainly ; for however strong and decided an opinion, or (to use a stronger word) a conviction may be, if it has been abandoned, no longer exists, no longer abides in the mind, it cannot disqualify a juror. But if the term “abiding” be not used in this sense, but is intended to apply to the case of a person, *who, although he has made up | his mind, cannot at the moment recall either the evidence or the process of reasoning which wrought the conviction, it should not enter into the definition. When we have made up an opinion on any question, wc more easily recall the conclusion at which we arrived, than the process by which we arrived at it; but when upon an examination, that process is brought to our attention by others, or by an effort of our own memory, we are prepared to yield our assent to it, and far more readily adhere to our former opinions than adopt new ones.
Again, it is said, the opinion should be “ deliberate and settled ; ” that, at least, there should be something of deliberation in the formation of it. It has been before remarked, that opinions are formed with more or less deliberation, and sometimes even without deliberation ; and it cannot be denied, that opinions of the latter class are, sometimes at least, adhered to with as much obstinacy as those which have been the result of the most patient enquiry. Still, however, it is admitted, that the greater or less deliberation with which an opinion has been formed, is an important consideration in the enquiry whether it is a decided one or not. But if this enquiry should lead to the conclusion, that the opinion under examination is a decided one, its having been formed without due deliberation, so far from removing the disqualification, adds to it : it proves, that the man who would thus lighUy decide upon the guilt of his fellow man, is unfit to take his seat among the good and lawful men who alone should sit upon the trial.
This view of the subject applies also to the kind of evidence on which the opinion is founded ; whether it be conversations with witnesses, testimony given on a former trial, hearsay or common report. The opinion will, generally, be more or less decided according to the nature of the evidence on which it is founded. But *if it be decided, he who entertains it is not the better qualified to discharge the important duty of a juror, because he has founded it on common report. A philosophic mind, accustomed to arrive at truth by painful and laborious research, may wonder that a rational being should pronounce his fellow man guilty of moral delinquency, upon no better evidence than common report : yet the evidence of history and our own observation prove, that such things have happened, and do happen daily. The benignity of the law has thrown around all who are put upon their trial for crime, its protection against this imperfection of human reason and human justice. Therefore, if there be good cause to believe, that the accused has been prejudged by a large portion of those from among whom his triers are to be selected, the venue is changed. And equal care is taken, when he stands upon his deliverance, that his fate shall not be placed in the hands of men by whom he is already condemned.
We, therefore, re-affirm the rule laid down in Osiander’s case : that he who has formed and expressed a decided opinion, that the prisoner is guilty or innocent of the offence for which he is about to be tried, whether that opinion be formed on the evidence of witnesses whose testimony he has heard on a former trial, conversation with witnesses, *748 or common report, is not fit to sit upon his trial. We go further, and ,say, that it is immaterial whether that opinion has been expressed or not.
It is supposed to be difficult to dpply this rule in practice. The juror is, most commonly, the best judge whether or nó his prepossessions amount to a decided opinion. If, however, upon ascertaining the sources of information that have been open to him, and the degree of reflection and deliberation which he has bestowed upon the subject, or the want of precision and accuracy of his notions of what constitutes a decided opinion .of *the prisoner’s guilt or innocence, it should appear to the court, that the impressions are not such as are contemplated by the rule, the challenge for cause will be overruled. This will more frequently happen, when the opinion is founded on hearsay or common report; and, generally, opinions founded on mere reports in the country ought to be regarded as hypothetical, or so slight as not to disqualify the person entertaining them. But if upon a further examination it shall appear, that this is not the true state of the juror’s mind, but that he has been so inconsiderate and unjust, as upon insufficient evidence, or no evidenóe at all, to have prejudged the prisoner’s cause, he is doubly unfit to be trusted with it.
When the case at bar is brought to the test of the rule now stated and explained, there is little difficulty in deciding that the court below erred. . The juror who was chai: lenged, had conversed witii the prosecutor, the most material witness for the commonwealth ; and upon a statement of facts made by him, had formed, and still entertained, a decided opinion that the prisoner was guilty. It is vain for a man in this state of mind to say, that he -would give the prisoner a fair trial; that he was not prejudiced against him ; that he would judge him' by the evidence, and decide according, to the evidence. Whatever confidence he may' have in his ability to .erase from. His mind the impressions made by' his conversation with the prosecutor, of whose respectability' and ve-ra,city he has ño doubt, thé law has no confidence in him ; however willing he may be to. trust himself, the law ' will not’ trust him.